BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
RAFAEL M. GONZALEZ, JR.
FIRST ASSISTANT UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1038

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOEL R. REINOEHL,<br><br>　　　　　Defendant. | Case No. CR-18-0383-S-EJL<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1]<br><br>**Final Order of Forfeiture:**<br>[ X ] anticipated<br>[ 　] not anticipated |

　　　　COMES NOW the United States of America, by and through Bart M. Davis, United

States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho,

Kevin T. Maloney, and based upon the sealed Rule 11 Plea Agreement of Joel R. Reinoehl, (ECF

No. 13), and the factual basis set out therein, filed on or about January 10, 2019 in the above

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in many cases, a Final Order of Forfeiture is unnecessary. In some cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues. This Motion caption provides notice whether the United States currently anticipates moving for a Final Order of Forfeiture. In some cases, that intent may change.

MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 1

case, hereby requests that this Court now enter a Preliminary Order of Forfeiture as to the subject property:

    A.    **Subject Property**:

    1. <u>Unrecovered Cash Proceeds and/or Facilitating Property:</u> Any and all sums that represent unrecovered proceeds of the offenses of conviction obtained by the defendant, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

    2. Firearms and Ammunition Associated Therewith:

    a. Phoenix Arms, .22 pistol, model HP22A, bearing serial number 4214632; and

    b. various ammunition to include a box of .44 ammunition and a box of .22 ammunition.

The firearm was found in the defendant's possession at the time of his arrest on or about August 28, 2018, and the defendant was a prohibited person based on a prior felony conviction. (ECF No. 13 at 2-3.)

    B.    **Substitute Assets:** Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    1.    Cannot be located upon the exercise of due diligence;

    2.    Has been transferred or sold to, or deposited with, a third person;

      3.      Has been placed beyond the jurisdiction of the court;

      4.      Has been substantially diminished in value; or

      5.      Has been commingled with other property which cannot be subdivided without difficulty.

The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853, which provides that with respect to any person convicted of a violation of 21 U.S.C. § 841 or 846:

> The Court, in imposing sentence...shall order that the person forfeit to the United States any property, constituting, or derived from, proceeds the person obtained, directly or indirectly, as a result of such violation and any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violation.

AND

The Court's jurisdiction in this matter is also founded upon 18 U.S.C. § 924(d), made applicable pursuant to 28 U.S.C. § 2461(c), which provides that any person convicted of a violation of 18 U.S.C. § 924, shall forfeit to the United States any firearms and ammunition involved in or used in commission of the defendant's violations of 18 U.S.C. § 924(c)(1).

If the United States seeks a Final Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the above-described property and will publish notice for thirty (30) consecutive days on www.forfeiture.gov of the Court's Order and the United States' intent to dispose of the property in such manner as directed by law.

WHEREFORE, the United States respectfully requests that this Court enter judgment of criminal forfeiture pursuant to the record herein, including the Rule 11 Plea Agreement, and the authority above-stated, by issuing the proposed Preliminary Order of Forfeiture, forfeiting to the United States the right, title and interest of the defendant above named as to the property described above and set out in the criminal forfeiture allegation of the Indictment.

MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 3

It is further requested that the Court order that the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and/or its agents immediately seize the above-described property and, upon sentencing of the defendant, completion of the notice requirements as set forth in 21 U.S.C. § 853(n), and Rule 32.2(c), and entry of a final order of forfeiture, to dispose of the forfeited property in accordance with the law.

It is further requested that the United States be authorized, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall be and hereby is final as to the defendant and shall be made part of the sentence and included in the judgment at the time of sentencing.

A proposed preliminary order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 10th day of April, 2019.

> BART M. DAVIS
> UNITED STATES ATTORNEY
> By:
>
> */s/ Kevin T. Maloney*
> KEVIN T. MALONEY
> Assistant United States Attorney

MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 10, 2019, the foregoing **MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s) by:

| | |
|---|---|
| Thad Blank<br>Federal Defender Services of Idaho<br>thad_blank@fd.org<br><br>*Attorney for Joel Reinoehl* | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

        */s/ Debra Hawker*
        Debra Hawker
        FSA Paralegal IV